NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TIMOTHY SIMON,<br><br>Plaintiff,<br><br>v.<br><br>1166 FEDERAL CREDIT UNION,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-14692 (KMW-MJS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**WILLIAMS, District Judge:**

This matter comes before the Court by way of *pro se* Plaintiff Timothy Simon's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Dkt. No. 3-4) pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that his average monthly income is $263.00 and his average monthly expenses are approximately $913.00. IFP Application ¶¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, *id.* ¶¶ 1-8; and

**WHEREAS**, here, the Court finds that Plaintiff's monthly income, savings, and expenses as set forth in his IFP Application establish that he cannot pay the costs of litigation; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court **GRANTS** the IFP application.

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

**WHEREAS**, Plaintiff commenced this action against Defendant 1166 Federal Credit Union ("Defendant") for unlawful discrimination, denial of financial services in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and civil rights violations pursuant to 42 U.S.C. § 1981 (Compl., Dkt. No. 1-2); and

**WHEREAS**, Plaintiff alleges that Defendant denied his applications for "business loans and credit cards . . . without valid explanation, or [his] applications weren't submitted" despite his "basic eligibility and having an active account in good standing." (*Id.* at 2.) Plaintiff alleges that Defendant's decision was "discriminatory in nature, as [Plaintiff] was profiled and treated differently based on [his] race." (*Id.*); and

**WHEREAS**, Plaintiff further asserts that, because of Defendant's denial, he was "forced to seek alternative funding elsewhere, which led [Plaintiff] into a fraudulent scheme where [he] received a bad check," ultimately resulting in criminal charges against Plaintiff, his incarceration, financial hardship, reputational damage, and emotional distress. (*Id.*); and

**WHEREAS,** pursuant to ECOA, it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)." 15 U.S.C. § 1691(a). "To establish a prima facie case under ECOA, [a plaintiff] must show that (1) plaintiff was a member of a protected class; (2) plaintiff applied for credit from defendants; (3) plaintiff was qualified for the credit; and (4) despite qualification, plaintiff was denied credit." *King v. NASA Fed. Credit Union*, No. 26-00743, 2026 WL 368927, at *2 (D.N.J. Feb. 10, 2026). The Third Circuit has held that "while a discrimination complaint need not allege

2

facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *Shahin v. PNC Bank*, 625 F. App'x 68, 70 (3d Cir. 2015) (quoting *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014)); and

**THE COURT FINDING** that, here, Plaintiff's Complaint does not contain well-pleaded facts showing that Plaintiff is within the narrow class of persons entitled to assert rights pursuant to 15 U.S.C. § 1691 or that he was qualified for the credit he sought from Defendant. *See King*, 2026 WL 368927, at *2; (*see generally* Compl., Dkt. No. 1-2); and

**WHEREAS,** to state a claim under 42 U.S.C. § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts," *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001); and

**THE COURT NOTING** that Plaintiff does not allege that he is a member of a racial minority. (*See generally* Compl.) Nor does Plaintiff allege any facts that suggest intentional discrimination. (*See id.*); *see also Brown*, 250 F.3d at 797; and

**CONSEQUENTLY,** for all the foregoing reasons, and for good cause shown;

**IT IS** this day of **April 2026**, hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 3-4) is **GRANTED**; and further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1-2) is **DISMISSED** without prejudice; and further

**ORDERED** that Plaintiff's Motion to Appoint Counsel[2] (Dkt. No. 10) is **DENIED as moot**; and further

**ORDERED** that Defendant's Motions to Dismiss (Dkt. Nos. 13, 14) are **DENIED as moot**; and further

**ORDERED** that Plaintiff is granted leave to amend his Complaint within 30 days of issuance of this Memorandum Opinion and Order to address the deficiencies noted herein. Plaintiff is cautioned that failure to do so may result in the dismissal of his Complaint *with prejudice*; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] Regarding Plaintiff's Motion to Appoint Counsel (Dkt. No. 10), the Court notes that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). Otherwise, the Court must determine as a threshold matter that an indigent litigant's claim has "some merit in fact and law" to warrant the appointment of counsel. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Here, because Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Motion to Appoint Counsel is denied without prejudice.

4